**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIANHUI YE, | No. 19-70788 |
| Petitioner, | Agency No. A216-275-828 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2020[**]
Pasadena, California

Before: NGUYEN, HURWITZ, and FRIEDLAND, Circuit Judges.

Xianhui Ye, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from the order of an immigration judge ("IJ") denying an application for asylum and withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removal.[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      The adverse credibility determination was supported by substantial evidence. *See Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (stating standard of review). Ye submitted a certification to the IJ from a Catholic church, stating that he attended church activities. But, at his hearing, Ye could not recall any information in the certification, including the name of the church, the date of services, or the person in charge. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (per curiam) ("[I]nconsistencies between testimonial and documentary evidence [are] a proper basis for an adverse credibility finding.").

2.      An applicant seeking asylum or withholding of removal must show past persecution or a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b) (asylum); *id.* § 1208.16(b) (withholding of removal). Absent his discredited testimony, Ye did not meet this burden. The documentary evidence establishes only that he was arrested and interrogated by Chinese police, which alone does not compel a finding of past persecution. *See Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001), *amended on other grounds*, 355 F.3d 1140 (9th Cir. 2004). Nor does any non-testimonial evidence compel a finding that Ye reasonably feared future persecution.

**PETITION FOR REVIEW DENIED.**

---

[1]      Ye also applied for protection under the Convention Against Torture ("CAT"), but his petition for review does not challenge the denial of CAT protection.

2